UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61462-CIV-COHN/SELTZER

H and J CONTRACTING, INC.,
For itself and as Assignee of BROWARD
COUNTY, FLORIDA,

    Plaintiff,

v.

JACOBS ENGINEERING GROUP, INC.,
As itself and as Asignee of EDWARDS &
KELCEY, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Motion to Dismiss and Motion to Strike Jury Trial DE [9] of the Defendant, Jacobs Engineering Group, Inc., as itself and assignee of EDWARDS & KELCEY, INC. (hereinafter "Jacobs"). This is an action for breach of contract, indemnity and negligence brought by the Plaintiff, H and J Contracting, Inc. ("H & J"). Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332. Jacobs moves to dismiss the Complaint on the grounds that H & J lacks standing to sue and fails to state a claim upon which relief can be granted for common law indemnity. Jacobs also moves to strike H & J's demand for jury trial.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392 (S.D. Fla. 2014), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.,* 999 F.2d 1508, 1510 (11th Cir.1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir.2010); *see also Roberts v. Fla. Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir.1998).

This action arises out of a roadway improvement project (the "Project") undertaken by Broward County, Florida ("the County").  The County contracted with Edwards & Kelcey, Inc. ("Edwards & Kelcey") for Edwards & Kelcey to design the Project, including Project drainage.  The County and Edwards & Kelcey entered into a Consultant Services Agreement (the "Agreement") which is attached to Plaintiff's Complaint.  The Agreement contained an anti-assignment clause:

> 8.8 Neither this Agreement nor any interest herein shall be assigned, transferred, or encumbered by either party and CONSULTANT shall not subcontract any portion of the work required by this Agreement except as authorized pursuant to Section 8.7.

The Agreement also prohibited modification, amendment or alteration of terms "unless contained in a written document executed with the same formality and of equal dignity herewith."  DE [1-2], Ex. A.   Jacobs subsequently acquired Edwards & Kelcey and the County, Jacobs and Edwards & Kelcey entered into a written Memorandum of Understanding that Jacobs would be assuming all responsibility under the Agreement. DE [1-2], Ex. B.

H & J is a contractor which bid on, and was awarded, the contract to perform the

Project in accordance with the plans and specifications prepared by Jacobs.  According to the Complaint, certain defects in the Project drainage design caused the Project to be re-designed by Jacobs.  As a result, H & J alleges that it and the County both sustained damages. H & J seeks to recover damages from Jacobs on its own behalf and on behalf of the County, as the County's Assignee under a Settlement Agreement between H & J and the County.

Jacobs moves to dismiss H & J's breach of contract and indemnity claims for lack of standing, due to the fact that Jacobs' Agreement with the County prohibited assignment.  Generally, in Florida, "[a]ll contractual rights are assignable unless the contract prohibit assignment, the contract involves obligations of a personal nature, or public policy dictates against assignment."  *Kohl v. Blue Cross and Blue Shield of Florida, Inc.*, 988 So.2d 654, 658 (Fla. 4th DCA 2008).  However, a contract provision prohibiting the assignment of rights under a contract does not, without more, prohibit the assignment of a claim for damages on account of a breach of contract.  *Paley v. Cocoa Masonry, Inc.,* 433 So.2d 70, 71 (Fla. 2d DCA 1983), *citing Sure Cordis Corp. v. Sonics International, Inc.*, 427 So.2d 782, 783 (Fla. 3d DCA 1983).  "The law draws a distinction . . . between assignment of performance due under a contract and assignment of the right to receive contractual payments."  *Charles L. Bowman & Co. v. Erwin*, 468 F.2d 1293, 1297-98 (5th Cir. 1972).

Jacobs argues that the anti-assignment clause prevents the County from assigning to H & J any claims for damages that it may have against Jacobs, because it prevents assignment of "any interest" under the Agreement:  "Neither this Agreement

3

*nor any interest herein* shall be assigned, transferred, or encumbered by either party...." (emphasis added).   See *Parrish Chiropractic Centers, P.C. v. Progressive Casualty Ins. Co.*, 874 P.2d 1049 (Col. 1994)(prohibition of assignment of "interest" in policy precluded assignment of post-loss assignment of policy benefits).  The Court disagrees. Florida law clearly distinguishes between assignments of performance and assignments of claims for breach of contract.  See *Paley*, 433 So.2d at 71; *Cordis Corp.*, 427 So.2d at 783.

Although no Florida case addresses specifically the language "any interest herein," the Court finds the Washington case of *Berschauer/Phillips v. Seattle Sch. Dist.*, 124 Wash.2d 816, 881 P.2d 986 (1994) to be instructive and on point.  There, a school district contracted with an architect to design a new elementary school.  The agreement between the architect and the school district prohibited any "assign[ment], sublet or transfer [of] any interest in th[e] Agreement . . . ."  *Id.* at 829.

The contractor hired by the school district completed construction of the school and subsequently sued the school district for breach of contract alleging, *inter alia,* that the school district provided incomplete and defective plans.  The school district and the contractor settled the contractor's claim, with the school district assigning any claims that it had against the architect to the contractor.  The contractor, as assignee of the school district, then sued the architect.  The Washington court rejected the architect's argument that the agreement's anti-assignment clause barred the contractor's action. Reasoning that an anti-assignment clause is designed to protect the parties from having to deal with performance by parties with whom they did not contract, the court held that

4

once performance under the contract is complete, the anti-assignment clause does not prohibit the assignment of a cause of action for breach of contract.  *Id.* at 830.

The Tennessee court made a similar analysis in *Ford v. Robertson,* 739 S.W.2d 3 (Tenn. App. 1987):

> The law draws a distinction between the right to assign performance under a contract and the right to receive damages for its breach.  The nonassignability clause prohibits the assignment or transfer of any "interest in this agreement."  This "any interest" language must be construed to mean any interest in the performance of the *executory* contract.
>
> Plaintiffs contend, and we agree, that this a suit for damages for breach of a fully *executed* contract and is not a suit for performance by the Architects of an executory contract.  What the plaintiffs acquired by the assignment was any claim that [the owner] had against the Architects for money damages for non-performance and such a claim is not within the scope of the clause prohibiting assignment of "any interest in this agreement."

*Id.* at 5 (emphasis in original).

Similarly, in this case, the phrase "this Agreement or any interest herein," refers to an interest in the performance of the Agreement, not to recovery of damages for breach of the Agreement.  Both the County and Jacobs completed their contractual performances under the Agreement; therefore, the only thing the County could assign to H & J was its post-performance claims arising from Jacobs' alleged breach of contract.  The Agreement does not prevent such an assignment and therefore, dismissal of the breach of contract claim is not appropriate.

Jacobs also moves to dismiss H & J's claim for common law indemnity for failure to state a claim upon which relief can be granted.  Jacobs argues that one of the "Whereas" clauses in the Settlement Agreement between the County and H & J

5

includes H & J's allegation that both the County and Jacobs were responsible for H & J's damages and therefore the County is not entitled to common law indemnity. *Houdaille Ind., Inc. v. Edwards*, 374 So.2d 490, 493 (Fla. 1979)(common law indemnity is available to a party only where the party's liability is vicarious, secondary, technical or derivative).  Yet, in the Settlement Agreement, the County repeatedly asserted that any liability on its part was solely vicarious and caused entirely by Jacobs. Likewise, the Complaint alleges that the County's liability to H & J was due to Jacobs' failure to properly design and administer the project and was not based on any fault of the County.

      Taking the allegations of the Complaint as true, and construing the recitations and terms of the Settlement Agreement in the light most favorable to the Plaintiff, H & J has pled sufficient facts to state a plausible claim for common law indemnity. Accordingly, the Motion to Dismiss Count III of the Complaint must be denied.

      Finally, Jacobs moves to strike H & J's demand for jury trial on the ground that the County waived its right to a jury trial in the Agreement.  The Agreement specifically provided that "each party hereby waives any rights it may have to a trial by jury of any such litigation."  DE [1-2], § 8.29 of Exhibit A.  Jacobs is correct that "contractual waivers of the right to a jury trial are enforceable and will be upheld."  *Gelco Corp. v. Campanile Motor Svc., Inc.,* 677 So.2d 952 (Fla. 3d DCA 1996).  Accordingly, the claims that H & J asserts as the County's assignee must be tried to the Court. However, H & J is entitled to trial by jury on the negligence claim that it brought on its own behalf.  *Marian Farms, Inc. v. Suntrust Banks, Inc.,* 135 So.3d 363, 364 (Fla. 5th

DCA 2014). Accordingly, Jacobs' request to strike H & J's jury demand will be granted but only as to those counts where H & J stands as an assignee of the County.  H & J is entitled to a jury trial on its negligence claim.

Rule 39(c)(1), Federal Rules of Civil Procedure permits a court to try any issue with an advisory jury in any action not triable of right by a jury.  Accordingly, all of the Plaintiff's claims will be tried together.   The jury will provide a binding verdict as to the negligence claim and will advise the Court as to the breach of contract and indemnity claims.  Fed. R. Civ. P. 39(c)(1); *Omega v. Deutsche Bank Trust Company Americas*, 920 F. Supp. 2d 1298 (S.D. Fla. 2013).

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss and Motion to Strike Jury Trial DE [9] is **GRANTED IN PART and DENIED IN PART.**

1. The Defendant's Motion to Dismiss is **DENIED**.

2. The Motion to Strike Jury Demand is  **GRANTED** as to the breach of contract and indemnification claims, but **DENIED** as to the negligence claims that H & J asserts on its own behalf.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 28th day of October, 2015.

_____
JAMES I. COHN
United States District Judge

.